IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **ALLIED PRODUCTS CORPORATION** and **ALLIED MATERIALS AND EQUIPMENT COMPANY, INC.**<br><br>Plaintiff,<br><br>v.<br><br>**COBBLE HILL PUZZLE COMPANY LTD.,** and **OUTSET MEDIA CORPORATION,**<br><br>Defendants. | Case No. 4:15-cv-884 |

## COMPLAINT

This is an action for counterfeiting, trademark infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Missouri common law, and for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

### Parties, Jurisdiction, and Venue

1. Plaintiff, Allied Products Corporation is a corporation organized under the laws of Missouri, with its principal place of business at 1420 Kansas Avenue, Kansas City, Missouri 64127-2135.

2. Plaintiff, Allied Materials and Equipment Company, Inc. is a corporation organized under the laws of Kansas, with its principal place of business at 1420 Kansas

Avenue, Kansas City, Missouri 64127-2135. Allied Products Corporation and Allied Materials and Equipment Company, Inc are collectively referred to as "Allied Products."

3. Upon information and belief, Defendant Cobble Hill Puzzle Company Ltd. is a corporation organized under the laws of British Columbia, Canada, with its principal place of business at 106-4226 Commerce Circle, Victoria, British Columbia V8Z 6N6.

4. Upon information and belief, Defendant Outset Media Corporation is a corporation organized under the Canada Business Corporations Act with its principal place of business at 1543 Westall Avenue, Victoria, British Columbia V8T 2G6.

5. Defendant Cobble Hill Puzzle Company Ltd. and Defendant Outset Media Corporation are collectively referred to herein as the "Cobble Hill Defendants."

6. This Court has subject-matter jurisdiction over the trademark and copyright causes of action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338(a), and over the Missouri common-law cause of action pursuant to 28 U.S.C. 1338(b) and 28 U.S.C. § 1367.

7. This Court also has personal jurisdiction over the Cobble Hill Defendants. Upon information and belief, the Cobble Hill Defendants own and operate a website, further described below, which advertises and sells their goods to residents of Missouri and throughout this judicial district. Thus, upon information and belief, the Cobble Hill Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and the Missouri long-arm statute, due to at least the Cobble Hill Defendants' transaction of business within Missouri.

2

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a); because, upon information and belief, a substantial part of the events giving rise to the claim occurred in this judicial district; because Defendants are subject to personal jurisdiction in this judicial district; and because the Cobble Hill Defendants are not residents of the United States.

## Allied Products and Its Trademarks

9. On or about August 29, 2002, Allied Products entered into a series of agreements with Hallmark Cards, Incorporated and Hallmark Licensing, Inc. (collectively, "Hallmark") to market, distribute, and sell Springbok® brand jigsaw puzzles, and eventually acquire ownership of the SPRINGBOK mark and the line of jigsaw puzzles manufactured, marketed, distributed, and sold under it (the "Allied/Hallmark Agreement").

10. In or about September, 2002, Allied Products began manufacturing, marketing, and selling a type of Springbok® jigsaw puzzle that measures 26.75" x 20.5" and contains 400 pieces of varying sizes: large pieces for children, medium pieces for all ages, and small pieces for adults. This distinctively designed type of puzzle is known, and has been known continuously since Allied began manufacturing, marketing, and selling it, as the "Family Puzzle."

11. Allied Products has registered the FAMILY PUZZLE mark with the USPTO as summarized in the following table:

3

| Trademark | Goods & Services | Type | Reg. No. | Date |
|---|---|---|---|---|
| (the "FAMILY PUZZLE Design Mark") | Jigsaw puzzles | Design plus words, letters, and/or numbers | 4,054,044 | Nov. 8, 2011 |
| FAMILY PUZZLE (the "FAMILY PUZZLE Standard Character Mark") | Jigsaw puzzles | Standard character mark | 4,142,620 | May 15, 2012 |

12. The FAMILY PUZZLE Design Mark and the FAMILY PUZZLE Standard Character Mark are hereafter collectively referred to as the "FAMILY PUZZLE® Marks."

13. The FAMILY PUZZLE® Marks are presently alive, in good standing, unrevoked, and uncanceled. The certificates of registration attached to this Complaint as Exhibit A and Exhibit B, respectively, are *prima facie* evidence of Allied Products' ownership of the FAMILY PUZZLE® Marks, their validity, and Allied Products' exclusive right to use them in connection with the sale of the goods and services identified therein.

14. Since entering into the Allied/Hallmark Agreement, Allied Products has sold Family Puzzle products marketed under the FAMILY PUZZLE® Marks through a variety of media. Allied Products has spent substantial time, money, and effort developing distinctive puzzle designs, forms of advertisement, and slogans, which Allied Products has used actively, continuously, and prominently in interstate commerce in association with its Family Puzzle products marketed under the FAMILY PUZZLE® Marks.

15. By virtue of extensive sales, advertising, and promotion of the FAMILY PUZZLE® Marks, Allied Products has acquired extensive common-law trademark rights throughout the United States that date back to at least as early as 2002.

16. At all relevant times, Allied Products has continuously, actively, and prominently promoted the FAMILY PUZZLE® Marks in all of its Internet and print advertising and display and promotional materials for Family Puzzle products. Accordingly, the FAMILY PUZZLE® Marks serve to identify Allied Products as the source of the goods and services that bear them.

**Defendants' Infringing and Unfair Conduct**

17. Upon information and belief, the Cobble Hill Defendants market, distribute, and sell jigsaw puzzles, including via a website owned and operated by the Cobble Hill Defendants and accessible at www.cobblehillpuzzles.com (the "Cobble Hill Website").

18. The "Shop By Category" and "Shop By Pieces" drop-down menus on the Cobble Hill Website each include a "Family Puzzle 400 piece" link. Clicking on either "Family Puzzle 400 piece" link leads to a webpage featuring 26 400-piece puzzles

5

prominently identified with the mark FAMILY PUZZLE (the "Infringing Mark"). A true copy of the "Family Puzzle 400 piece" webpage available at http://www.cobblehillpuzzles.com/Family-Puzzles-400-piece-s/1912.htm is attached as Exhibit C. A true copy of the "Family Puzzle 400 piece" webpage available at http://www.cobblehillpuzzles.com/Family-Puzzles-400-piece-s/1942.htm is attached as Exhibit D.

19. Upon information and belief, all of Defendants' puzzles sold in connection with the Infringing Mark measure approximately 24" x 18" and are comprised of 400 variable-sized pieces.

20. Upon information and belief, as a result of Defendants' marketing, distribution, and sale of 24" x 18" jigsaw puzzles comprised of 400 variable-sized pieces in connection with the Infringing Mark, consumers are likely to be confused such that consumers will erroneously believe that Defendants are affiliated, connected, or associated with or in some way related to Allied Products and its Family Puzzle products sold under the FAMILY PUZZLE® Marks.

## COUNT 1: TRADEMARK COUNTERFEITING
## 15 U.S.C. § 1114

21. Allied Products re-alleges and incorporates by reference the allegations of paragraphs 1 through 20.

22. Allied Products owns the FAMILY PUZZLE® Marks and has priority rights in and to the FAMILY PUZZLE® Marks that date back to at least as early as 2002.

23. Allied Products has used the FAMILY PUZZLE® Marks continuously and consistently for an extended period of time to advertise, promote, and display its goods, namely, puzzles. Allied Products' use of the FAMILY PUZZLE® Marks in interstate commerce has indelibly impressed on the minds of the consuming public the impression that the FAMILY PUZZLE® Marks identify Allied Products as the source of its goods. Thus, the FAMILY PUZZLE® Marks serve to identify Allied Products as the source of the goods bearing the FAMILY PUZZLE® Marks because the relevant consumers have come to associate the FAMILY PUZZLE® Marks with Allied Products.

24. Defendants adopted and began using the Infringing Mark as shown on the Cobble Hill Website long after Allied Products first began using the FAMILY PUZZLE® Marks.

25. As alleged above, Defendants have used a spurious designation that is identical to Allied Products' FAMILY PUZZLE® Marks on the same goods covered by the federal trademark registrations for the FAMILY PUZZLE® Marks.

26. Upon information and belief, Defendants have intentionally and willfully used their spurious designation knowing it is counterfeit in connection with the advertising, sale, and offering for sale of goods for Defendants' private financial gain, and such intentional and willful conduct by Defendants makes this an exceptional case.

27. Defendants' use of the Infringing Mark in connection with the advertising and selling of counterfeit goods constitutes Defendants' use of the FAMILY PUZZLE® Marks in commerce.

28. Defendants' unauthorized use of the FAMILY PUZZLE® Marks as set forth above is likely to:

    a. Cause confusion, mistake, and deception;

    b. Cause the public to believe that Defendants' counterfeit goods are the same as Allied Products' goods; that Defendants are authorized, sponsored, or approved by Allied Products; and/or that Defendants are affiliated, connected, or associated with or in some way related to Allied Products;

    c. Result in Defendants unfairly benefiting from Allied Products' advertising and promotion, profiting from the reputation of Allied Products' advertising and promotion, and/or profiting from the reputation of Allied Products and its FAMILY PUZZLE® Marks;

all of which may cause substantial and irreparable injury to the public, Allied Products, and Allied Products' FAMILY PUZZLE® Marks and the substantial goodwill represented thereby.

29. Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 14 U.S.C. § 1114. Such conduct entitles Allied Products to injunctive relief, compensatory damages, treble damages, disgorgement of profits, attorneys' fees and costs—or, at Allied Products' election, statutory damages of up to $2,000,000 per counterfeit mark per type of goods advertised, sold, and/or offered for sale, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(c)(2).

8
Case 4:15-cv-00884-DGK   Document 1   Filed 11/10/15   Page 8 of 20

## COUNT 2: TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

30. Allied Products re-alleges and incorporates by reference the allegations of paragraphs 1 through 29.

31. Allied Products owns the FAMILY PUZZLE® Marks and has priority rights in and to the FAMILY PUZZLE® Marks that date back to at least as early as 2002.

32. Allied Products has used the FAMILY PUZZLE® Marks continuously and consistently for an extended period of time to advertise, promote, and display its goods, namely, puzzles. Allied Products' use of the FAMILY PUZZLE® Marks in interstate commerce has indelibly impressed on the minds of the consuming public the impression that the FAMILY PUZZLE® Marks identify Allied Products as the source of its goods. Thus, the FAMILY PUZZLE® Marks serve to identify Allied Products as the source of the goods bearing the FAMILY PUZZLE® Marks because the relevant consumers have come to associate the FAMILY PUZZLE® Marks with Allied Products.

33. Defendants adopted and began using the Infringing Mark as shown on the Cobble Hill Website long after Allied Products first began using the FAMILY PUZZLE® Marks.

34. Defendants' adoption and use of the Infringing Mark to identify Defendants' goods constitutes use of a copy and colorable imitation of Allied Products' FAMILY PUZZLE® Marks and is likely to cause confusion or mistake, or to deceive the purchasing public into believing that Defendants' goods emanate from the same source as the goods provided by Allied Products, or that there is some connection, sponsorship, or

affiliation between the goods of Allied Products and Defendants—all of which are contrary to fact and are damaging and detrimental to Allied Products.

35. Allied Products has no control over the nature and quality of Defendants' goods. Any failure, neglect, or default by Defendants in providing goods will reflect adversely on Allied Products as the believed source or origin thereof, which will hinder Allied Products' effort to continue to protect its outstanding reputation in the industry and subject Allied Products to loss of sales of goods and loss of the considerable expenditures it has made to promote its goods in association with the FAMILY PUZZLE® Marks, all to the irreparable harm of Allied Products.

36. Defendants' conduct constitutes an infringement of Allied Products' FAMILY PUZZLE® Marks and is actionable under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Upon information and belief, Defendants have deliberately and willfully infringed Allied Products' FAMILY PUZZLE® Marks in violation of 15 U.S.C. § 1114, and Allied Products has been and will continue to be irreparably harmed by such infringement unless this Court enjoins Defendants from their continuing infringement pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

38. Upon information and belief, Defendants are willfully infringing Allied Products' FAMILY PUZZLE® Marks. As a result of Defendants' deliberate and willful infringement of Allied Products' FAMILY PUZZLE® Marks, Allied Products is entitled to damages, Defendants' profits, attorneys' fees and costs, and any and all other relief authorized by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## COUNT 3: FEDERAL UNFAIR COMPETITION - FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125

39. Allied Products re-alleges and incorporates by reference the allegations of paragraphs 1 through 38.

40. Allied Products owns the FAMILY PUZZLE® Marks and has priority rights in and to the FAMILY PUZZLE® Marks that date back to at least as early as 2002.

41. Allied Products has used the FAMILY PUZZLE® Marks continuously and consistently for an extended period of time to advertise, promote, and display its goods, namely, puzzles. Allied Products' use of the FAMILY PUZZLE® Marks in interstate commerce has indelibly impressed on the minds of the consuming public the impression that the FAMILY PUZZLE® Marks identify Allied Products as the source of its goods. Thus, the FAMILY PUZZLE® Marks serve to identify Allied Products as the source of the goods bearing the FAMILY PUZZLE® Marks because the relevant consumers have come to associate the FAMILY PUZZLE® Marks with Allied Products.

42. Defendants adopted and began using the Infringing Mark as shown on the Cobble Hill Website long after Allied Products first began using the FAMILY PUZZLE® Marks.

43. Defendants' adoption and use of the Infringing Mark to identify Defendants' goods constitutes use of a copy and colorable imitation of Allied Products' FAMILY PUZZLE® Marks and is likely to cause confusion or mistake, or to deceive the purchasing public into believing that the goods and/or services of Defendants emanate from the same source as the goods provided by Allied Products, or that there is some

connection, sponsorship, or affiliation between the goods of Allied Products and Defendants—all of which are contrary to fact and are damaging and detrimental to Allied Products.

44. Defendants' conduct, including their use of the Infringing Mark on and in connection with their goods, constitutes a false designation of origin because their use of the Infringing Mark in connection with Defendants' goods is likely to cause confusion, cause mistake, or deceive others as to the affiliation, connection, or association of Defendants with Allied Products, or as to the origin, sponsorship, and/or approval of Defendants' goods and commercial activities by Allied Products, and therefore constitutes a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

45. Upon information and belief, Defendants' conduct is willful and intentional with the purpose of misleading the public into believing that Defendants' goods are in some way sponsored by, affiliated with, or connected to Allied Products' goods advertised and sold under the FAMILY PUZZLE® Mark, which are contrary to fact and damaging and detrimental to Allied Products.

46. Allied Products has no control over the nature and quality of the Defendants' goods. Any failure, neglect, or default by Defendants in providing goods will reflect adversely on Allied Products as the believed source or origin thereof, which will hinder Allied Products' effort to continue to protect its outstanding reputation in the industry and subject Allied Products to loss of sales of goods and loss of the considerable expenditures it has made to promote its goods in association with the FAMILY PUZZLE® Marks, all to the irreparable harm of Allied Products.

47. Allied Products has been and will continue to be irreparably harmed by such infringement unless this Court enjoins Defendants from their continuing infringement pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

48. Upon information and belief, Defendants are willfully infringing Allied Products' FAMILY PUZZLE® Marks. As a result of Defendants' deliberate and willful infringement of Allied Products' FAMILY PUZZLE® Marks, Allied Products is entitled to damages, Defendants' profits, attorneys' fees and costs, and any and all other relief authorized by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## COUNT 4: UNFAIR COMPETITION
### Missouri Common Law

49. Allied Products re-alleges and incorporates by reference the allegations of paragraphs 1 through 48.

50. Defendants' acts have created, and unless restrained by this Court, will continue to create, a likelihood of confusion and deception of the consuming public, causing irreparable injury to Allied Products for which Allied Products has no adequate remedy at law.

51. Defendants' conduct constitutes unfair competition under the common law of Missouri by a deliberate course of conduct, all without authorization, license, privilege, or justification.

52. Upon information and belief, Defendants acted with full knowledge of Allied Products' rights in and use of the FAMILY PUZZLE® Marks and without regard

to the likelihood of confusion and deception of the public created by Defendants' activities.

53. Defendants' conduct demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with Allied Products to the substantial and irreparable injury of Allied Products.

54. As a result of Defendants' acts, Allied Products has been damaged and will continue to be damaged in an amount not as yet determined or ascertainable. At a minimum, however, Allied Products is entitled to injunctive relief, an accounting of Defendants' profits, actual damages, punitive damages, attorney's fees and costs, and any and all other relief authorized by law.

## COUNT 5: COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 501 *et seq.*

55. Allied Products re-alleges and incorporates by reference the allegations of paragraphs 1 through 54.

56. In or about January 2006, Allied Products released the "Candy Galore" puzzle design, which it has incorporated into Springbok® puzzles and other products it manufactures, distributes, and sells in the United States and Canada. A copy of the Candy Galore photographic image is attached as Exhibit E.

57. Allied Products obtained and continues to hold an exclusive license from the copyright holder, Guy Cali Associates Inc., to use the Candy Galore photographic image as or as part of Springbok® puzzles and other products, their packaging and

14

related catalog and advertising materials, for manufacture, distribution, and sale in the United States and Canada.

58. Subsequent to the release of the Candy Galore puzzle design and the licensing of the Candy Galore photographic image by Allied Products, Defendants released the "Enough Candy for Everyone" puzzle design, which is incorporated into Cobble Hill branded puzzles and related materials manufactured, marketed, distributed, and sold in the United States and Canada. A copy of the Enough Candy for Everyone photographic image (the "Infringing Work") is attached as Exhibit F.

59. The Infringing Work is strikingly or substantially similar to the Candy Galore photographic image.

60. Allied Products has complied in all respects with the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the copyright in the Candy Galore photographic image has been registered with the United States Copyright Office, which registration is in full force and effect. A copy of Certificate of Regitration VA 1-881-818 for the Candy Galore photographic image is attached as Exhibit G.

61. Defendants, with notice of Allied Products' right, title, and interest in and to the Candy Galore photographic image, have and continue to use, copy, reproduce, create derivative works, display, publish, transmit and/or distribute the Candy Galore photograph in the promotion of Defendants' products, namely, the Infringing Work.

62. Upon information and belief, Defendants have reproduced, published, displayed, distributed, transmitted, marketed, promoted, and licensed the Infringing Work and will, unless restrained, continue to do so in the future.

63. Defendants' acts constitute copyright infringement of Allied Products' work in violation of 17 U.S.C. § 501 *et seq.*, in that Defendants have infringed Allied Products' exclusive rights under the Copyright Act, including the rights to copy, make derivative works, and distribute the Candy Galore photographic image.

64. Upon information and belief, Defendants' infringing activities were and continue to be willful.

65. Defendants' infringing activities have caused immediate and irreparable harm to Allied Products, including lost customers, deprivation of Allied Products' competitive advantage, and lost goodwill.

66. Unless Defendants are restrained and enjoined, Allied Products will suffer further and irreparable damage for which Allied Products has no full and adequate remedy at law. As a result of Defendants' deliberate and willful conduct, Allied Products is entitled to injunctive relief, an accounting of Defendants' profits, actual damages, punitive damages, attorney's fees and costs, and any and all other relief authorized by law.

## **Prayer for Relief**

Based on the above allegations, Allied Products demands a judgment against Defendants and prays that the Court:

1. Enter an Order enjoining and restraining Defendants, including their officers, directors, employees, agents, successors, assigns, and all those acting for, with, by, through, or under them, from:

a. Counterfeiting Allied Products' goods by using a spurious designation that is identical to, or substantially indistinguishable from, Allied Products' FAMILY PUZZLE® Marks on goods covered by the registrations for the FAMILY PUZZLE® Marks;

b. Using the Infringing Mark without license, privilege, or justification to identify Defendants' goods, causing confusion or mistake and deceiving the purchasing public into believing that the goods of Defendants emanate from the same source as the goods provided by Allied Products, or that there is some connection, sponsorship, affiliation, or association between Allied Products and Defendants and/or their respective goods and commercial activities;

c. Imitating, copying, distributing, making any derivative works, and making any other unauthorized use of Allied Products' copyrighted Candy Galore photographic image;

d. Using any simulation, reproduction, counterfeit, copy, derivative work, or colorable imitation of the work protected by Allied Products' registered copyrights; or

e. Otherwise infringing Allied Products' FAMILY PUZZLE® Marks and/or Allied Products' registered copyrights.

17

2. Direct that Defendants destroy, and certify the destruction of, all products, advertisements, and promotional and other materials in their possession or under their control:

   a. Bearing the Infringing Mark or any simulation, reproduction, counterfeit, copy, or colorable imitation of the FAMILY PUZZLE® Marks pursuant to 15 U.S.C. § 1118; or

   b. Containing the Infringing Work or any simulation, reproduction, counterfeit, copy, derivative work, or colorable imitation of Allied Products' Candy Galore photographic image, pursuant to 17 U.S.C. § 503.

3. Award Allied Products, should Allied Products so elect, an award of statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each counterfeit mark for each type of good and service Defendants have willfully counterfeited and infringed.

4. Direct that Defendants account for and relinquish to Allied Products all gains, profits, and advantages derived by each through their infringement of Allied Products' FAMILY PUZZLE® Marks and/or Allied Products' registered copyright.

5. Award Allied Products such damages as Allied Products has sustained as a consequence of the Defendants' infringement of Allied Products' FAMILY PUZZLE® Marks and/or Allied Products' registered copyrights, including but not limited to compensatory damages, including disgorgement of Defendants' profits; full costs; treble

18

damages; and reasonable attorneys' fees in accordance with 15 U.S.C. §§ 1117 and 1125(a) and 17 U.S.C. §§ 504 and 505.

6. Award to Allied Products such other costs and further relief as the Court may deem just and proper, including but not limited to prejudgment and postjudgment interest.

## Jury Demand

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Allied Products demands a trial by jury.

Dated: November 10, 2015

Respectfully Submitted,

s/ *Scott R. Brown*
Scott R. Brown, Mo. State Bar No. 51733
  sbrown@hoveywilliams.com
Cheryl R. Burbach, Mo. State Bar No. 48605
  cburbach@hoveywilliams.com
Todd A. Gangel, Mo. State Bar No. 56242
  tgangel@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
(913) 647-9050   Fax: (913) 647-9057

ATTORNEYS FOR PLAINTIFF